UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES BECNEL                                               CIVIL ACTION

VERSUS                                                     NO. 19-14536

LAMORAK INSURANCE COMPANY ET AL                            SECTION "B"(5)

### ORDER AND REASONS

Plaintiff James Becnel filed a motion to remand, alleging removal of the case was untimely. Rec. Doc. 7. Additionally, plaintiff alleges the requirements for federal officer removal are not satisfied. Id. Defendants timely filed a response in opposition. Rec. Doc. 11. Plaintiff then sought and was granted leave to file a reply. Rec. Doc. 14. Thereafter, parties engaged in filing sur-replies, replies to sur-replies, and other supplemental memoranda. The court held a hearing via teleconference on the motion to remand on July 29, 2020 with parties' counsel. Post-hearing memoranda were received from all parties. For the reasons discussed below,

**IT IS ORDERED** that the motion to remand is **DENIED**.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an asbestos case. Plaintiff, James Becnel ("Becnel") filed a complaint, alleging negligence, in Civil District Court for the Parish of Orleans, naming the Avondale Interest as defendants, on July 22, 2019. Rec. Doc. 1-1. Plaintiff alleges that defendants' negligence in failing to warn its employees of

1

the risks of asbestos exposure and defendants' further negligence in its failure to implement proper safety procedures in handling asbestos resulted in the plaintiff contracting asbestos-related lung cancer resulting from plaintiff's employment at Avondale. Id.

On August 14, 2019, plaintiff filed a first amended supplemental petition for damages adding additional defendants. Rec. Doc. 1-3. Plaintiff was deposed on August 29, 2019 and August 30, 2019. Rec. Doc. 1-5. Plaintiff testified that he worked on a Lykes Vessel during his employment at Avondale. Id. at 3-16.

On November 13, 2019, Mr. Becnel died. Rec. Doc. 1-4. On November 19, 2019 his heirs filed a second supplemental and amending petition substituting themselves as plaintiffs, asserting survival and wrongful death claims, and adding a paragraph for strict liability. Id. at 2-3.

Defendants filed a notice of removal on December 11, 2019 asserting district court jurisdiction because defendants were acting under an officer of the United States as set forth in 28 U.S.C. §1442. Rec. Doc. 1 at 2-3. Defendants assert the case became removable after the plaintiffs filed the second supplemental and amending petition for damages asserting strict liability claims against the defendants. Id. at 4.

Plaintiff filed the instant motion to remand asserting that defendants' removal notice was untimely, and the requirements of federal officer removal had not been satisfied. Rec. Doc. 7-1.

2

Defendants filed a response in opposition stating that their notice of removal was timely filed within thirty days of the point at which it became clear that plaintiffs' claims were based on strict liability. Rec. Doc. 11 at 9. Additionally, defendants' response in opposition assert the court has jurisdiction pursuant to 28 U.S.C. §1442.

On July 29, 2020, a hearing was held via telephone with parties' counsel of record. Rec. Doc. 41. Following questioning from the court, responsive answers were given by counsel for the parties on plaintiff's motion to remand (Rec. Doc. 7), defendants' opposition to plaintiff's motion to remand (Rec. Doc. 11), and various other relies, sur-replies and replies to sur-replies filed by the parties. Id. Upon concluding the hearing, parties were invited to file supplemental memoranda on a particular aspect of the "other papers" issue that was raised *sua sponte* by the court. Rec. Doc. 42. As seen *infra*, more than 30 days prior to filing the removal notice, defendants knew or had reason to know from plaintiff's deposition they had a federal officers defense. During relevant times here, they and their counsel, for the most part, were actively engaged in litigation challenging circuit authority that restricted removal in similar cases as this one, received a dissenting panel opinion favorable to their position, and ultimately prevailed with an *en banc* decision that basically agreed with that dissent. On August 3, 2020, parties filed supplemental

memoranda (Rec. Doc. 45 and 47). Shortly thereafter, parties filed replies to submitted supplemental memoranda. (Rec. Doc. 49 and 50).

**LAW AND ANALYSIS**

### Timeliness of Removal

If a civil action over which the district courts of the United States have original jurisdiction is brought in a State Court, it "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants must file a notice of removal pursuant to 28 U.S.C. §1446. Generally,

> "[t]he notice of a removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,"

28 U.S.C. § 1446(b)(1).

However,

> "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

28 U.S.C. § 1446(b)(3).

4

The removing party bears the burden of showing that removal was proper, and any ambiguities are to be strictly construed in favor of remand. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002).

The first issue before the Court in this case is a timeliness dispute. Parties disagree as to when removal of the suit to federal district court was proper. Additionally, there appears to be some confusion as to the reason for removal.

Plaintiffs state that the defendants removed the case to federal court because Becnel worked aboard the Lykes vessel, a Navy vessel. Rec. Doc. 7-1. Plaintiffs argue that removal was untimely as defendants had notice that Becnel worked aboard the vessel while employed at Avondale, through Becnel's deposition testimony given in August 2019. Id. Plaintiffs assert that defendants had 30 days from the date of the deposition testimony to remove the case; thus, plaintiffs contend that removal is untimely. Id.

The removal clock begins ticking upon receipt of the deposition transcript" because the deposition transcript is "other paper" under Section 1446(b)(3). *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 610 (5th Cir. 2018). Plaintiffs nor defendants have provided information on when the deposition transcript was received; however, plaintiff's depositions were taken in August 2019 and the removal notice was filed in December

5

2019. Parties counsel appeared at both depositions with no equivocation of relevant testimony given at same by plaintiff. Judicial notice and reasonable interpretation of those timelines would support finding the deposition transcripts were produced to parties more than 30-days prior to the removal notice date. However as explained in more detail later, the case was not removable due to then existing precedent from the Fifth Circuit against removal for a federal officer defense to mere negligence claims.

Defendants assert the case became removable on November 19, 2019 when the plaintiffs filed a second supplemental and amending petition for damages adding strict liability claims against the defendants. Rec. Doc. 11 at 13. Plaintiffs argue that though the second supplemental and amending petition for damages added strict liability claims, the claims against the Avondale Interest are restricted to negligence, not strict liability. Rec. Doc. 7-1 at 4.

The additional paragraph added to the second supplemental and amending petition for damages states:

> "As a result of the acts of negligence, intentional tort, fraud and strict liability of the defendants named herein and in the Original Petition for Damages and First Supplemental and Amending Petition for Damages, James Becnel contracted asbestos-related lung cancer which caused or contributed to his death on November 13, 2019," Rec. Doc. 1-4 at 2-3.

It is clear from the language of the paragraph that plaintiffs assert claims for strict liability against defendants. The

6

defendants filed the notice of removal on December 11, 2019 within thirty days of receiving the second supplemental and amending petition for damages on November 19, 2019. Thus, the defendants' notice of removal was timely.

Moreover, on September 24, 2019 the *en banc* Fifth Circuit heard oral arguments in *Latiolais v. Huntington Ingalls, Inc*. to address the 2011 amendment's "relating to" language and the "causal nexus" requirement set forth in *Bartel. See Latiolais v. Huntington Ingalls, Inc.,* 918 F.3d 406 (5th Cir.), *reh'g en banc granted,* 923 F.3d 427 (5th Cir. 2019). Under *Bartel,* to qualify for removal under 28 U.S.C. §1442 (a)(1), a defendant was required to show; (1) that it was a person within the meaning of the statute, (2) that it had a colorable federal defense, (3) that it acted pursuant to a federal officer's directions, and (4) that a causal nexus existed between its actions under color of federal office and the plaintiff's claims. *Bartel v. Alcoa S.S. Co.,* 805 F.3d 169, 171 (5th Cir. 2015) (quoting *Winters v. Diamond Shamrock Chem. Co.,* 149 F.3d 387, 398 (5th Cir. 1998). Under prior Fifth Circuit case authorities, negligence-only claims did not challenge actions taken under color of federal authority; thus, negligence-only claims lacked a causal nexus required for federal officer removal. *Legendre v. Huntington Ingalls, Inc.,* 885 F.3d 398 (5th Cir. 2018).

After rehearing *en banc,* the Fifth Circuit clarified that removal under the 2011 amended § 1442(a) is appropriate when the

7

removing defendant shows "(1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Latiolais v. Huntington Ingalls, Inc., et al,* 951 F.3d 286, 296 (5th Cir. 2020). In so holding, that *en banc* decision overruled the line of cases that relied on a "causal nexus" between the defendant's acts performed under color of federal authority and plaintiff's claims. *Id.* at 291, 296.

Plaintiff now argues that the *Latiolais* decision is not an "order" or "other paper" that makes the case removable because the *Latiolais* decision does not meet narrow circumstances allowed by the Fifth Circuit. However, defendants contend that the Fifth Circuit's decision in *Latiolais* constitutes an "order" or "other paper" for the purposes of removal.

Although decisions in unrelated cases typically do not constitute grounds for removal, the Fifth Circuit has carved out a narrow exception to this rule. In *Green v. R.J. Reynolds Tobacco Co.*, the court held that a decision in an unrelated case may constitute an "order" upon which removal can be based if the same party was a defendant in both cases, the cases involve similar factual circumstances, and the decision resolved a legal issue

8

that has the effect of making the case removable. 274 F.3d 263, 268 (5th Cir. 2001).

Considering *Green*, we conclude that the *Latiolais* decision is an "order" upon which removal can be based. First, Avondale was a defendant in *Latiolais*. Second, both cases involved negligence claims stemming from asbestos exposure that occurred while plaintiff worked at Avondale Shipyards. Third, *Latiolais* changed the standard under which cases may be removed under § 1442(a), effectively rendering negligence-based lawsuits removable where removal had previously been precluded.

Because plaintiff initially asserted a mere negligence claim against defendants, it is clear that removal of that claim would have been unwarranted as long as the causal nexus test remained the law of this circuit. However as explained above, the Fifth Circuit's decision in *Latiolais* overruled the "causal nexus" requirement and replaced it with the requirement that the defendants show that "the charged conduct is connected or associated with an act pursuant to a federal officer's directions." 951 F.3d at 296. Essentially, this change allows negligence claims involving discretionary acts, such as those raised in the instant case, to be removable under § 1442(a). As other courts in this district have ruled, this court also concludes that the decision in *Latiolais* is an "order" for the purposes of § 1446. *See, e.g.*, *Bourgeois*, 2020 WL 2488026; *Francis v. ITG Brands, LLC*, No.

9

CV 20-997, 2020 WL 2832538, at *3 (E.D. La. June 1, 2020); *Jackson v. Avondale Indus. Inc.*, No. CV 20-1005, 2020 WL 3510724, at *9 (E.D. La. June 29, 2020).

Having determined that removal was procedurally proper, the court turns to the merits of the defendants' jurisdictional argument.

### **Federal Officer Removal**

A civil action or criminal prosecution that is commenced in a State court and that is against or directed to the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue, may be removed to the district court of the United States for the district and division embracing the place where it is pending. 28 U.S.C. §1442(a)(1). To qualify for removal under 28 U.S.C. §1442 (a)(1), a defendant must show (1) it is a "person" within the meaning of the statute, (2) that has acted pursuant to a federal officer's directions, (3) the charged conduct is connected or associated with an act pursuant to a federal officer's directions, and (4) it has asserted a colorable defense. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

10

Parties do no dispute that the Avondale interest is a "person" within the meaning of the statute. Plaintiffs argue that defendants failed to establish a causal nexus between the defendant's challenged conduct at issue and the defendant's actions under the direction of the federal government. Rec. Doc. 7-1 at 9. However, as explained above, a showing of causal nexus is no longer required. Defendants must only show the Avondale Interests acted pursuant to a federal officer's direction and that the failure to warn Becnel of the dangers of asbestos and failure to take measures are connected or associated with the Avondale Interests acting pursuant to a federal officer's direction.

This case is almost identical to *Latiolais v. Huntington Ingalls, Inc.,* in which the Fifth Circuit found that the pleadings satisfied the "connection" condition of removal where Latiolais alleged that Avondale failed to warn him of the dangers of asbestos and failed to take measures to prevent exposure. *Latiolais,* 951 F.3d at 296. The Fifth Circuit found that the negligence was connected with the installation of asbestos during the refurbishment of a Navy vessel because Avondale performed the refurbishment and, allegedly, the installation of asbestos pursuant to directions of the U.S. Navy. *Id.* Thus, the Fifth Circuit found that the civil action related to an act under color of federal office. *Id.*

11

Here, the pleadings satisfy the connection requirement of removal. Plaintiffs allege that Avondale failed to properly handle asbestos and warn its employees of the dangers of working with asbestos. Rec. Doc. 1-1. Submitted evidence shows the vessel Becnel worked aboard, the Lykes vessel, was built by Avondale for the U.S. Maritime Administration and such vessels were constructed pursuant to Title V "Construction Differential Subsidy" of the Merchant Marine Act, 1936 and contracts with the United States Government. Rec. Doc. 11-1 at 4. The Lykes vessel was constructed under the direction and pursuant with the plans and specifications given to Avondale by the U.S. Navy. Id. Avondale's alleged use of asbestos was pursuant to directions of the U.S. Navy. Consequently, the plaintiffs action relates to an act under the color of federal office. Plaintiffs' attempt to distinguish accountability for using asbestos from their claims of failing to warn or provide other protective measures in such usage do not defeat, at this preliminary stage, the federal officer defense.

Defendants must demonstrate a colorable defense. If a defense is plausible, it is colorable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (plausible claim survives a motion to dismiss). To be "colorable," the asserted federal defense need not be "clearly sustainable," as section 1442 does not require a federal official or person acting under him "to 'win his case before he can have it removed.' " *Latiolais,* 951 F.3d at 296 quoting *Jefferson Cty.,*

12

*Ala. v. Acker*, 527 U.S. 423, 431 (1999). Instead, an asserted federal defense is colorable unless it is "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." *Zeringue v. Crane Co.*, 846 F.3d 785 (5th Cir. 2017).[1]

The defendants raise three defenses to the plaintiffs' claims: derivative sovereign immunity, federal contractor immunity, and preemption by the LHWCA. Rec. Doc. 11 at 19. Plaintiffs argue the defendant's defenses are not colorable. Rec. Doc. 7-1 at 20.

In *Boyle v. United Techs. Corp*, the Supreme Court explained that the government contractor immunity defense "provides immunity to contractors for conduct that complies with the specifications of a federal contract." *Crutchfield v. Sewerage & Water Bd. of New Orleans*, 829 F.3d 370, 375 (5th Cir. 2016) (citing *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988). To establish a "colorable federal defense" using the government contractor immunity defense, a defendant must satisfy a three-part test: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that

---

[1] Overruled by *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020) on other grounds.

were known to the supplier but not to the United States." *Boyle,* 487 U.S. at 512.

The defendants have submitted the affidavit of Christopher Herfel, a maritime historian, the affidavit of Danny Joyce, an industrial hygienist, and deposition testimony alleging that the U.S. Navy generally required Avondale to install asbestos and to comply with certain related safety practices. Rec. Doc. 11-1 and 11-2. The affidavit and deposition testimony demonstrate that the government approved reasonably precise specifications concerning the installation of asbestos. While plaintiffs point out contradicting evidence in response to defendants' submissions, the affidavits and deposition testimony demonstrate a plausible non-frivolous federal officer defense, at the moment.

Regarding the third factor, defendants must show that it warned the government about the dangers in the use of the equipment if those dangers were known to it but not to the government. *Boyle*, 487 U.S. at 512. Defendants submitted affidavits claiming Avondale had no more information or knowledge than the government did about the dangers of asbestos at the time Avondale used asbestos-containing materials in its shipbuilding work. Rec Doc. 11-1 and 11-2. The evidence tends to show that the federal government knew as much, and possibly more than what Avondale knew about asbestos-related hazards and related safety measures.

14

The defendants have made a colorable (non-binding) showing that it could satisfy the three *Boyle* factors. Thus, defendants have stated a colorable defense of federal contractor immunity to plaintiffs' claims. Because there is a colorable federal contractor immunity defense under *Boyle*, there is no need to reach Avondale's argument that it also has a colorable federal defense under the Longshore and Harbor Workers' Compensation Act and derivative sovereign immunity.

Therefore, defendants properly removed this case under 28 U.S.C. §1442 (a)(1).

New Orleans, Louisiana this 18th day of September 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE