UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES BECNEL ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14536** |
| **LAMORAK INSURANCE COMPANY ET AL.** | **SECTION "B"(5)** |

## ORDER AND REASONS

Before the Court are defendant Lamorak Insurance Co.'s motion to enforce stay, Rec. Docs. 129, 132, 140-3, and plaintiffs Jacqueline Dugas Becnel, Sheila Becnel Eschete, and James Paul Becnel, Jr.'s opposition and unopposed motion for expedited hearing. Rec. Docs. 132, 134.

For the reasons discussed below,

**IT IS ORDERED** that the motion to enforce stay is **GRANTED** in all aspects, staying this matter until September 21, 2021 subject to modification. The motion for expedited hearing is **DISMISSED AS MOOT**.

## I. FACTS AND PROCEDURAL HISTORY

This case arises from an asbestos-exposure negligence claim, first filed in Louisiana state court by James Becnel. Rec. Doc. 1-2 at 4. Mr. Becnel allegedly contracted "asbestos-related cancer and/or lung cancer" as a result of direct exposure to asbestos while working at Avondale Shipyard in 1965. *Id.* at 3. Defendants

Huntington Ingalls Inc. and Lamorak Insurance Co.[1] (the "Avondale Interests") removed the case to this court following Mr. Becnel's death when his heirs substituted themselves as party plaintiffs and asserted survival and wrongful death claims, and alleged strict liability allegations against the Avondale Interests. Rec. Doc. 1 at 5. Plaintiffs filed a motion to remand, Rec. Doc. 7, but this court denied the motion. Rec. Doc. 53.

Since then, Lamorak has been declared insolvent and placed into liquidation. Rec. Doc. 129-2 at 1. Subsequently, the Commonwealth Court of Pennsylvania permanently stayed all claims against Lamorak. Rec. Doc. 129-3. Now Lamorak asks this court to enforce the Commonwealth Court of Pennsylvania's stay and the automatic statutory stay of claims against it and "any party it is obligated to defend" under Louisiana Revised Statute § 22:2068(A)[2]. Rec. Doc. 129-2. Defendants Navistar, Inc. and Huntington Ingalls, Inc. joined in and adopted Lamorak's motion to stay proceedings. Rec. Doc. 142. Plaintiffs filed an opposition and an unopposed motion for expedited hearing on defendants' motion to enforce stay. *See* Rec. Docs. 132, 134.

---

[1] Lamorak Insurance Co. was sued as the alleged insurer of various executive officers of Avondale. Rec. Doc. 1 at 2, n.1.
[2] "All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action." LA. REV. STAT. ANN. § 22:2068(A).

On May 19, 2021, Judge Nannette Jolivette Brown granted Lamorak's motion to stay, which had also been joined by Huntington Ingalls, Inc. and Albert L. Bossier, Jr. in *Gooding v. Liberty Mutual Insurance Company,* No. 20-1133, 2021 WL 2002463, at *1 (E.D. La. May 19, 2021). Rec. Doc. 141-1. Then on May 20, 2021, Judge Sarah Vance granted a similar motion in *Cortez v. Lamorak Insurance Co.,* No. 20-2389, 2021 WL 2018073, at *1 (E.D. La. May 20, 2021). Rec. Doc. 141-2. On May 25, 2021, Judge Mary Ann Vial Lemmon granted a stay of all claims in *Broussard v. Huntington Ingalls, Inc.*, No. 20-836 (E.D. La. May 25, 2021).

## II. LAW AND ANALYSIS

Plaintiffs do not ask this court to lift the stay against Lamorak, Rec. Doc. 132 at 5, so the only contested issue before the court is whether plaintiffs should be allowed to proceed against the policyholders and other defendants in this litigation.

Under the "*Burford* doctrine," a federal court may decline to adjudicate—and can dismiss—cases that are otherwise within its jurisdiction if the exercise of federal review over the question in a case would disrupt state efforts to establish coherent policy with respect to matter of substantial public concern. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989). Fifth Circuit precedent holds that a stay of action pending the resolution of a state court liquidation proceeding is appropriate

under *Burford. Barnhardt Marine Ins., Inc. v. New England International Surety of America, Inc.*, 961 F.2d 529, 531 (5th Cir. 1992). States have primary responsibility for regulating the insurance industry and Louisiana's insurances laws provide a comprehensive framework for the liquidation of insolvent insurance companies and the resolution of claims against them. *See* 15 U.S.C.A. § 1011 (declaration of Congressional policy for the McCarran-Ferguson Act); *see also* La. Stat. Ann. §§ 22:731, 22:2051-2068 (2020) (the Louisiana Insurance Guaranty Association Law). Section 2068(A) provides:

> All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action.

La. Stat. Ann. § 22:2068 (2020). Plaintiffs argue that this court should ignore the express and explicit terms of the statutory stay because the statute is procedural rather than substantive and the *Becnel* trial falls outside of the six months stay contemplated by the statute as was the case in *Jones*. Rec. Doc. 132 at 3; *see Jones v. Hoel*, 211 F.Supp. 2d 823 (E.D. Tex. 2002). But plaintiffs' arguments are unpersuasive. The court in *Jones* relied on the language of the Texas statute to determine if it was enacted as a means to enjoin federal courts from acting; Texas Insurance Article 21.28-C §17 provides, in part:

> All proceedings in which an impaired insurer is a party or is obligated to defend a party in any court in this state, except proceedings directly related to receivership or instituted by the receiver, shall be stayed for six months and any additional time thereafter as may be determined by the court from the date of the designation of impairment or an ancillary proceeding is instituted by the state, whichever is later, to permit proper defense by the receiver or association of all pending causes of actions. A deadline imposed under the Texas Rules of Civil Procedure or the Texas Rules of Appellate Procedure is tolled during the state.

TEX. INS. CODE. ANN. art. 21.28-C §17 (2003)[3]. Although the court was "unable to conclude with certainty" whether the § 17 stay applied to federal courts, it concluded that the Texas Legislature contemplated the effect that the stay would have on plaintiffs pursing actions in Texas state courts and provided them with relief from deadlines in the Texas Rules, but no such relief was contemplated for plaintiffs pursuing cases in federal courts. *Jones,* 211 F.Supp. 2d at 826 ("[T]he statute goes on to provide that, '[a] deadline imposed under the Texas Rules of Civil Procedure or the Texas Rules of Appellate Procedure is tolled during the stay.'").  Here, the Louisiana statute does not reference any state procedural rules and refers to all proceedings "in any court in this state." The *Jones* court would agree that language signifies the legislature intended to bind federal courts as well as state courts. *Jones*, 211 F.Supp. 2d at 826. ("Because the Texas legislature could have chosen to specifically articulate

---
[3] N.b. Texas's Property and Casualty Insurance Guaranty Act has since been repealed by Acts 2005, 79th Leg., ch. 727, § 18(a)(6), eff. April 1, 2007.

that the stay was applicable only to Texas state courts and chose not to, the Court is left with the impression that the statute applies to any court physically located in the state, which would include federal courts.").

Moreover, "[a] district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This inherent authority extends to granting a stay when the court considers the record and finds the potential hardship and prejudice to the parties and the interests of judicial economy weighs in favor of granting the stay. *See Landis*, 299 U.S. at 254-255. All claims in the instant matter involve common questions of fact and law. Allowing plaintiffs to proceed against Lamorak's insureds while the claims against Lamorak are stayed would frustrate the parties' ability to resolve the case as a whole and may result in undue prejudice to both plaintiff and defendant, who would have to bear the increased costs of litigating the same case twice. Further, proceeding in such a way would not promote judicial efficiency and runs the risk of inconsistent jury verdicts. It is also for these reasons that even if Louisiana Code of Civil Procedure article 1573 was applicable, the preferential trial setting afforded to Ms. Becnel under

Louisiana Law does not outweigh a stay of all claims in this matter.

New Orleans, Louisiana this 6th day of July, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE