**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JAMES BECNEL ET AL**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 19-14536**

**LAMORAK INSURANCE COMPANY ET AL**                       **SECTION "B"(5)**

**ORDER AND REASONS**

Before the Court is Plaintiff's motion to strike Navistar, Inc.'s deposition *errata* sheet. Rec. Doc. 161. For the following reasons,

**IT IS ORDERED** that the motion (Rec. Doc. 161) is **DENIED**.

**I.    FACTS AND PROCEDURAL HISTORY**

This suit arises from alleged exposure to asbestos and asbestos-containing products on the premises of Avondale Shipyards in 1965. *See* Rec. Doc. 1. The plaintiff, James Becnel, was employed in various positions by or on the premises of Avondale Shipyards in 1965. Rec. Doc. 1-2 (Plaintiff's Petition). It was during this time that Plaintiff claims he was exposed to both asbestos and asbestos-containing products. *Id.* Not only does the plaintiff claim to have been exposed to asbestos, but Mr. Becnel also asserts that he carried asbestos home on his person, clothing, and other items. *Id.* Because of this alleged constant exposure, Mr. Becnel claims he contracted asbestos-related cancer and/or lung cancer, although the disease did not manifest itself until 2019. *Id.*

1

On July 22, 2019, Plaintiff filed suit in the Civil District Court for the Parish of Orleans against several defendants, including, but not limited to, Huntington Ingalls Inc. and Lamorak Insurance Co. (the "Avondale Interests") and Navistar Incorporated. Id.  In his Complaint, Plaintiff asserted several negligence claims against the defendants. Rec. Doc. 1-2.  Against Defendant Avondale Interests, Plaintiff claimed that it failed to exercise reasonable care for the safety of persons on or around their property and failed to protect the plaintiff from unreasonably dangerous conditions. Id.  Likewise, Plaintiff claimed that Navistar failed to exercise reasonable care for the plaintiff's safety working with and around the various asbestos-containing products. Id.

On August 14, 2019, Mr. Becnel filed a First Supplemental and Amending Petition for Damages to add a defendant. See Rec. Doc. 1-3. On November 13, 2019, Mr. Becnel died from his asbestos-related lung cancer, complications therefrom, and/or complications from treatment therefrom. See Rec. Doc. 1-4.  At his death, Mr. Becnel was survived by his wife, Jacqueline Becnel, and his children, Sheila Becnel Eschete and James Becnel, Jr. Id.

On November 19, 2019, Mr. Becnel's heirs ("Plaintiffs") filed a Second Supplemental and Amending Petition for Damages substituting themselves as party plaintiffs. Id.  In their petition, Plaintiffs asserted both survival and wrongful death

2

claims, pleading that Mr. Becnel's asbestos-related lung cancer caused and/or contributed to his death. *Id.* Additionally, the plaintiffs asserted new strict liability claims against all named defendants. *Id.*

On December 11, 2019, the defendant, Avondale Interests, removed the matter to this Court under §1441 Subject Matter Jurisdiction. *See* Rec. Doc. 1 (Removal Action). Plaintiffs filed a motion to remand (Rec. Doc. 7), but this Court denied the motion. *See* Rec. Doc. 53. Shortly thereafter, Defendant Avondale Interests was declared insolvent and placed into liquidation. Rec. Doc. 129-2 at 1. As a result, the Commonwealth Court of Pennsylvania permanently stayed all claims against the defendant. Rec. Doc. 129-3.

On May 4, 2021, Avondale Interests filed a motion to enforce the Commonwealth Court of Pennsylvania's stay and the automatic statutory stay of claims against it. Rec. Doc. 129-2. Defendant Navistar, Inc. also joined in and adopted the motion to stay proceedings. Rec. Doc. 142. Subsequently, Plaintiffs filed an opposition and an unopposed motion for an expedited hearing on the defendants' motion to enforce stay. *See* Rec. Docs. 132, 134. On July 7, 2021, this Court issued an Order and Reasons granting the defendants' motion to stay the proceeding in all aspects until September 21, 2021. *See* Rec. Doc. 151.

On September 28, 2021, Plaintiffs filed the instant motion to strike defendant Navistar's deposition errata sheet. Rec. Doc. 161. On June 10, 2021, Plaintiffs noticed the corporate deposition of Navistar's representative, Mr. Thomas J. Slavin. Rec. Doc. 161-4. Approximately one month after the deposition, Navistar submitted an errata sheet in which it sought to correct seven (7) line items of Mr. Slavin's testimony. Rec. Doc. 161-5. Plaintiffs seek to strike two specific line item changes Navistar made on page 39, line 7, and page 64, line 24. *See* Rec. Doc. 161. According to Plaintiff, these changes are substantive and significantly alter Mr. Slavin's testimony and contradict the testimony Navistar provided in a 2015 case, McIntyre v. Alfa Laval, Inc. *See* Rec. Doc. 161 at p. 7. For those reasons, Plaintiffs seek these changes stricken from the record.

On October 5, 2021, Navistar timely filed a memorandum in opposition to Plaintiffs' motion to strike. Rec. Doc. 173. Navistar takes the position that the errata sheet changes should not be stricken; instead, this court should permit both the original version and the correction to remain in the record. *Id.* According to the defendant, Mr. Slavin's errata sheet was submitted both timely before any party moved for summary judgment and in proper form, noting the reason for the corrections was to "complete the answer." *Id.* Thus, according to Navistar, Plaintiff's motion

should be denied. On October 11, 2021, Plaintiffs filed a reply memorandum to Navistar's opposition. Rec. Doc. 178.

## II. LAW AND ANALYSIS

### A. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P.12(f). Courts have "considerable discretion in ruling on a Motion to Strike." *Garcel, Inc. v. Hibernia Nat. Bank*, 2002 WL 356307, at *3 (E.D.La. March 5, 2002) (citing *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)). A motion to strike is a "drastic remedy to be resorted to only when required for the purposes of justice and should be granted only when the **pleading** to be stricken has no possible relation to the controversy." *Id.* (emphasis added). Deposition *errata* and correction sheets are not among the documents identified in Rule 7(a) as "Pleadings," and thus, are not subject to a motion to strike. *See* Fed. R. Civ. Proc. 7(a) (listing a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a crossclaim; an answer to a third-party complaint as pleadings); *see, e.g., Medina v. Horseshoe Ent.*, No. CIV.A. 05-0097, 2006 WL 2038057 (W.D. La. July 19, 2006). Instead, a motion *in limine*, or in the alternative, to re-depose, is the proper mechanism to challenge the admissibility of a party's *errata* sheet. *Id.* at *2.

5

Plaintiffs improperly filed a motion to strike to challenge the admissibility of Navistar's deposition *errata* sheet. Because a motion to strike is not the proper vehicle to challenge a deponent's deposition corrections, this Court will treat Plaintiffs' motion as a motion *in limine* or, in the alternative, a motion to reopen the deposition.

**B. The Proper Motion**

Motions that challenge the admissibility of a party's *errata* sheet are based on Federal Rule of Civil Procedure 30(e), which allows the deponent to review the transcript of the deposition and "if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them." Fed. R. Civ. P. 30(e).  This rule provides for changes in substance for legitimate reasons and furthers the purpose of the discovery process, that is, "to allow the parties to elicit the true facts of a case before trial." *Medina*, 2006 WL 2038057, at *3.

The Fifth Circuit has not yet addressed the scope of permissible substantive corrections to a deposition under Rule 30(e). *Poole v. Gorthon Lines AB*, 908 F.Supp. 2d 778, 785 (W.D.2012). However, other federal courts utilize varying approaches when deciding whether to allow deposition corrections pursuant to this rule. *Carter v. Hornbeck Offshore Transp., LLC*, No. CIV.A. 12-1545, 2014 WL 2898458, at *1 (E.D. La. June 26,

6

2014). Those courts implement both narrow and broad interpretations of Rule 30(e). *Id*. The narrow reading seeks to strike deposition *errata* sheets when a deponent uses them to make substantive changes. As the court in *Greenway v. International Paper Co*., 144 F.R.D. 322, 325 (W.D.La.1992), noted:

> [Rule 30(e)] cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

By contrast, the broad interpretation of the rule employs a plain reading of the rule itself and permits a witness to change both the form and the substance of deposition testimony. *See* Fed. R. Civ. P. 30(e); *Gautreaux v. Apache Corporation*, 2010 WL 3982279, *6 (E.D.La. Oct. 8, 2010); *See e.g.*, *Reilly v. TXU Corp*., 230 F.R.D. 486 (N.D. Tex. 2005). In that instance, both the original and amended versions of the changed deposition testimony remain in the record, and the witness must explain the changes to the fact finder. *Gautreaux*, 2010 WL 3982279 at *6.

The deposition of Navistar's corporate representative, Thomas J. Slavin, took place on June 10, 2021. *See* Rec. Doc. 161-4. On July 13, 2021, Navistar filed an *errata* sheet in which it sought to change the testimony Mr. Slavin provided during the deposition. *See* Rec. doc. 161-5. Specifically, Navistar changed Mr. Slavin's testimony as follows:

7

*Deposition*

Q. Are you able to testify when is the first time International incorporated a non-asbestos-containing brake into one of its truck?

A. In the uh—in the seventies, for sure, I can. Uh—

*Errata Sheet*

A. After "Uh—" add "I think maybe we have produced documents reflecting this information. However, I do think there may have been some non-asbestos brakes available for trucks in the late 1960s."

*Deposition*

Q: Okay. What is the organic material if you know?

A. I believe that's Kevlar.

*Errata Sheet*

A. After "Kevlar" add "or fiberglass"

*See* Rec. Docs. 161-4, 161-5.

Plaintiffs argue that these changes should be stricken from the record. Rec. Doc. 161. Specifically, Plaintiffs assert that the *errata* sheet substantively alters Navistar's corporate deposition testimony, and because such changes are not allowed, these corrections must be stricken. *Id.* Plaintiffs further allege that Navistar submitted these substantive changes to generate material issues of fact, where none exists. Rec. Doc. 161. Navistar argues that Plaintiffs' motion should be denied, and Mr. Slavin's corrections be admitted into the record. Rec. Doc. 173. According to Navistar, several courts in this jurisdiction apply the broad

8

interpretation of Rule 30(e) to allow such substantive changes as were made in this case to remain on the record. *Id.* Additionally, Navistar claims that Plaintiff's motion should be denied because the *errata* sheet was submitted timely and before any party moving for summary judgment. *Id.*

These corrections were substantive in nature given the defendant is essentially adding testimony to "complete [Mr. Slavin's] answer." *See* Rec. Doc. 161-5. Because this Court finds that the broad interpretation of Rule 30(e) is appropriate, Defendant's *errata* sheet will be allowed to remain on the record. *See Carter v. Hornbeck Offshore Transp., LLC*, No. CIV.A. 12-1545, 2014 WL 2898458, at *1 (E.D. La. June 26, 2014) (denying the defendant's motion to strike Plaintiff's *errata* sheet and allowing both the correction and original versions of Plaintiff's deposition testimony to remain on the record.); *Medina v. Horseshoe Ent.*, No. CIV.A. 05-0097, 2006 WL 2038057 (W.D. La. July 19, 2006) (utilizing the broad interpretation of Rule 30(e) and denying the defendant's motion to strike Plaintiff's deposition *errata*.)

The Supreme Court commands that this Court "give the Federal Rules of Civil Procedure their plain meaning." *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 123, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n.9, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980)). As currently written, the text of Rule 30(e) is clear-cut: if a deponent makes

9


"changes in form or substance," the deponent need only "sign a statement listing the changes and the reasons for making them." FED. R. CIV. P. 30(e)(1)(B). This rule does not go on to specify which changes are permissible or treat certain changes differently than others; it merely stipulates what action must be taken if the deponent makes "changes in form or substance" to a deposition by oral examination. *See id.*

Here, Plaintiffs argue that Navistar's correction reason to "complete the answer" is vague, and therefore, the corrections should be stricken. *Id.* To support this argument, Plaintiffs rely on the Southern District of Texas decision of *Mata v. Caring for You Home Health, Inc.*, 94 F. Supp.3d 867, 872 (S.D. Tex. 2015). In *Mata*, the Court ruled to deny the defendants substantive deposition changes, not because the defendant's reasons were vague; but instead, because the court found "it was clear that defendants have proposed the changes … solely in an attempt to create a fact issue and defeat summary judgment." *Mata*, 94 F. Supp.3d at 872. *Mata*, however, can be distinguished from the matter at hand.

Navistar timely submitted its deposition *errata* sheet. Unlike the defendants in *Mata*, Navistar issued its changes before any party filed a motion for summary judgment. *See e.g., Gautreaux v. Apache Corporation*, 2010 WL 3982279, *6 (E.D.La. Oct. 8, 2010) (denying the defendant's motion to strike and permitting the deposition changes to remain on the record as they were made before

10

the defendant filed any motions for summary judgment.) Therefore, we have a different factual scenario in this matter than was present in *Mata*. Additionally, the *Mata* court noted it was "clear" that the defendants only submitted their corrections to defeat summary judgment; the same cannot be said for Navistar as no dispositive motion for summary judgment has been filed. Moreover, Navistar complied with the express requirements of Rule 30(e) when it correctly submitted its changes via the signed *errata* sheet and adequately stated the reason for the requested correction.

Plaintiffs will have the opportunity to cross-examine Mr. Slavin concerning the changes to his deposition testimony, given a jury will try this case. *See Carter v. Hornbeck Offshore Transp., LLC*, No. CIV.A. 12-1545, 2014 WL 2898458, at *1 (E.D. La. June 26, 2014) (denying the defendant's motion to strike Plaintiff's *errata* sheet and stating "even if [Plaintiff's changes] were more substantive in nature, in this bench trial, [the defendant] shall have the opportunity to cross-examine this witness concerning these changes."). **Alternatively**, plaintiff may re-depose Navistar's representative Thomas J. Slavin and/or the individual that provided Slavin with the information used to create the deposition errata sheet at issue. It will be for the factfinder to weigh the credibility of this witness's testimony. Accordingly, the defendant's *errata* sheet corrections will remain on the record

11

along with the original version of Mr. Slavin's deposition transcript.

New Orleans, Louisiana this 15th day of December, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE