UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JAMES BECNEL ET AL**                                   **CIVIL ACTION**

**VERSUS**                                               **NO. 19-14536**

**LAMORAK INSURANCE COMPANY ET AL**                      **SECTION "B"(5)**

ORDER AND REASONS

Before the Court are plaintiffs' motion for summary judgment (Rec. Doc. 353), defendant Huntington Ingalls Inc.'s opposition to plaintiffs' motion (Rec. Doc. 504), defendants Morse TEC, LLC, Ford Motor Company, Honeywell International, Navistar, Inc., Pneumo Abex LLC, Volkswagon Group of America, Inc., and BMW North America, LLC's joint opposition to plaintiffs' motion (Rec. Doc. 544), and plaintiffs' reply in support (Rec. Doc. 569). For the following reasons,

**IT IS ORDERED** that plaintiffs' motion for summary judgment (Rec. Doc. 353) is **GRANTED**.

I. **FACTS AND PROCEDURAL HISTORY**

This suit arises from alleged exposure to asbestos and asbestos-containing products on the premises of Avondale Shipyards in 1965. *See* Rec. Doc. 1. The plaintiff, James Becnel, was employed in various positions by or on the premises of Avondale Shipyards in 1965. Rec. Doc. 1-2 (Plaintiff's Petition). It was during this time that Plaintiff claims he was exposed to both asbestos and asbestos-containing products. *Id.* Not only does the plaintiff

1

claim to have been exposed to asbestos, but Mr. Becnel also asserts that he carried asbestos home on his person, clothing, and other items. *Id.* Because of this alleged constant exposure, Mr. Becnel claims he contracted asbestos-related cancer and/or lung cancer, although the disease did not manifest itself until 2019. *Id.*

On July 22, 2019, Plaintiff filed suit in the Civil District Court for the Parish of Orleans against several defendants, including, but not limited to, Huntington Ingalls Inc. and Lamorak Insurance Co. (the "Avondale Interests") and Navistar Incorporated. Id.  In his Complaint, Plaintiff asserted several negligence claims against the defendants. Rec. Doc. 1-2.  Against Defendant Avondale Interests, Plaintiff claimed that it failed to exercise reasonable care for the safety of persons on or around their property and failed to protect the plaintiff from unreasonably dangerous conditions. *Id.*  Likewise, Plaintiff claimed that Navistar failed to exercise reasonable care for the plaintiff's safety working with and around the various asbestos-containing products. *Id.*

On August 14, 2019, Mr. Becnel filed a First Supplemental and Amending Petition for Damages to add a defendant. *See* Rec. Doc. 1-3. On November 13, 2019, Mr. Becnel died from his asbestos-related lung cancer, complications therefrom, and/or complications from treatment therefrom. *See* Rec. Doc. 1-4.  At his death, Mr. Becnel

2

was survived by his wife, Jacqueline Becnel, and his children, Sheila Becnel Eschete and James Becnel, Jr. *Id.*

On November 19, 2019, Mr. Becnel's heirs ("Plaintiffs") filed a Second Supplemental and Amending Petition for Damages substituting themselves as party plaintiffs. *Id.* In their petition, Plaintiffs asserted both survival and wrongful death claims, pleading that Mr. Becnel's asbestos-related lung cancer caused and/or contributed to his death. *Id.* Additionally, the plaintiffs asserted new strict liability claims against all named defendants. *Id.*

On December 11, 2019, the defendant, Avondale Interests, removed the matter to this Court under §1441 Subject Matter Jurisdiction. *See* Rec. Doc. 1 (Removal Action). Plaintiffs filed a motion to remand (Rec. Doc. 7), but this Court denied the motion. *See* Rec. Doc. 53. Shortly thereafter, Defendant Avondale Interests was declared insolvent and placed into liquidation. Rec. Doc. 129-2 at 1. As a result, the Commonwealth Court of Pennsylvania permanently stayed all claims against the defendant. Rec. Doc. 129-3.

On May 4, 2021, Avondale Interests filed a motion to enforce the Commonwealth Court of Pennsylvania's stay and the automatic statutory stay of claims against it. Rec. Doc. 129-2. Defendant Navistar, Inc. also joined in and adopted the motion to stay proceedings. Rec. Doc. 142. Subsequently, Plaintiffs filed an

3

opposition and an unopposed motion for an expedited hearing on the defendants' motion to enforce stay. *See* Rec. Docs. 132, 134. On July 7, 2021, this Court issued an Order and Reasons granting the defendants' motion to stay the proceeding in all aspects until September 21, 2021. *See* Rec. Doc. 151.

On April 26, 2022, plaintiffs filed the instant motion for summary judgment on the issues of whether James P. Becnel had primary lung cancer, and whether his death was caused by the primary lung cancer. On May 17, 2022, Huntington Ingalls Incorporated ("Avondale") filed an opposition to plaintiffs' motion, taking no position on their arguments. Defendant's opposition was adopted by Certain Underwriters at Lloyd's, London and London Market Companies, Hopeman Brothers, Inc., and Liberty Mutual Insurance Company. Rec. Docs. 548, 557. BMW of North America, LLC, Borg-Warner Morse TEC, LLC, Ford Motor Company, Honeywell International, Inc., Navistar, Inc., Pneumo Abex,LLC, and Volkswagen Group of America, Inc., also filed a joint opposition, which was adopted by Bayer CropScience, Inc, Certain Underwriters at Lloyd's, London and London Market Companies, Hopeman Brothers, Inc., and Liberty Mutual Insurance Company. Rec. Docs. 544, 546, 548, 557.

Subsequently, plaintiffs filed a reply in support of their motion on May 24, 2022.

4

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co.,*

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

### B. Plaintiffs are entitled to summary judgment

Plaintiffs filed the present motion for summary judgment on the issues of whether James P. Becnel had primary lung cancer, and whether his death was caused by the primary lung cancer. They contend that no defense expert has disputed that Mr. Becnel had primary lung cancer, nor has any expert disputed that his death was caused by his primary lung cancer. In support, they point to the opinion of their causation expert Dr. Stephen Kraus, and Mr. Becnel's treating physicians, Dr. Johnny Bansal, and Dr. Edwin Beckman. All of which have allegedly confirmed Mr. Becnel's diagnosis of primary lung cancer and that the cancer caused his death.

In response, Avondale did not explicitly oppose plaintiffs' motion for summary judgment; rather, it asserted that the issue of what caused Mr. Becnel's cancer, *i.e.*, the habitual cigarette smoking or asbestos exposure, was very much contested and not ripe for summary judgment. By contrast, in their joint opposition, defendants BMW of North America, LLC, Borg-Warner Morse TEC, LLC, Ford Motor Company, Honeywell International, Inc., Navistar, Inc.,

6

Pneumo Abex,LLC, and Volkswagen Group of America, Inc. contend that their expert, Dr. Timothy Oury, will provide conflicting testimony on the issue of causation. Essentially, defendants do not contest that Mr. Becnel had primary lung cancer, however, they do dispute that the cancer caused his death. Defendants allege that at trial Dr. Oury will provide testimony that "he is unable to state [whether] Mr. Becnel's cause of death was lung cancer based on the materials he has reviewed." Defendants also rely on plaintiff's certificate of death to support the notion that his immediate cause of death was something other than primary lung cancer.

First and foremost, defendants' reliance on Mr. Becnel's death certificate is erroneous because such a certificate is inadmissible in court to prove causation. *See Rivera v. Walmart, Inc.*, No. CV 19-12616, 2021 WL 2894148 (E.D. La. July 9, 2021) (stating that a death certificate is inadmissible for proving the cause of death in court); *Arnett v. Jackson Nat'l Life Ins. Co.*, Civil Action No. 10-420-BAJ-CN, 2012 WL 314090, at *5-6 (M.D. La. Feb. 1, 2012) (holding that a death certificate cannot be considered proof of the ultimate issue in dispute – causation); *see also Odom v. Security Industrial Ins. Co.*, 94-0433 (La.App 1 Cir. 12/22/94), 649 So.2d 37, 39 ("the coroner's certificate of death is competent proof only of death itself and is not admissible

7

for the purpose of proving the cause of death.") Therefore, we give no weight to the death certificate on ultimate causation.

Next, plaintiffs are entitled to summary judgement because there is no genuine issue of material fact as to the two issues presented. Unlike what the defendants suggest to this Court, there are no conflicting opinions between the parties' experts, Dr. Kraus and Dr. Oury. The only evidence defendants present is the deposition testimony in which their expert stated he essentially *does not know* what caused Mr. Becnel's cancer "without seeing his autopsy." Rec. Doc. 544-1 pp. 65-66; Rec. Doc. 569. Rather than providing the court with a clear alternative causation opinion by Dr. Oury, defendants have only supplied uncertain statements. Such a speculative and uncertain expert opinion on causation cannot be deemed one of opposition establishing a genuine issue of material fact.

Moreover, after a closer inspection of the deposition testimony, Dr. Oury admitted that plaintiff's lung cancer "[c]ould certainly be a very likely cause of his death." Rec. Doc. 544-1 pp. 65-66; Rec. Doc. 569. Additionally, during his deposition, Dr. Oury was explicitly asked the following question:

> Q: From your review of his medical record and the extent of his lung cancer, is it your opinion that that likely would have resulted in this death?

Rec. Doc. 544-1 (Deposition of Tim Oury, M.D. at pp.65). To this question, Dr. Oury replied, "[y]eah, I don't see that they tried

to resect it…." This testimony is in line with the opinion of plaintiffs' expert, Dr. Kraus. Because defendants have not provided any specific alternative causation opinions to refute plaintiffs' expert, they have failed to establish an issue of material fact on death from primary lung cancer. Accordingly, plaintiffs' motion for summary judgment is **GRANTED**. Nevertheless, the court must stress that while summary judgment is granted on the two issues discussed, *supra*, there remains a question of fact as to what caused Mr. Becnel's primary lung cancer.

New Orleans, Louisiana this 8th day of June, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE