UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JAMES BECNEL ET AL**                                           **CIVIL ACTION**

**VERSUS**                                                       **NO. 19-14536**

**LAMORAK INSURANCE COMPANY ET AL**                              **SECTION "B"(5)**

ORDER AND REASONS

Before the Court are defendant Hopeman Brothers, Inc., and third-party defendant Liberty Mutual Insurance Company's motion for bifurcation (Rec. Doc. 562), plaintiffs' opposition to defendants' motion (Rec. Doc. 648), defendant Honeywell International Inc.'s opposition to the defendants' motion (Rec. Doc. 652), and Volkswagon Group of America, Inc.'s opposition to defendants' motion (Rec. Doc. 653). For the following reasons,

**IT IS ORDERED** that defendants' motion for bifurcation (Rec. Doc. 562) is **DENIED.**

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts of this case have been laid out in greater detail in previously issued Orders and Reasons and are adopted by reference herein.

On May 23, 2022, defendant Hopeman Brothers, Inc., and Third-Party Defendant, Liberty Mutual Insurance Company as the alleged insurer of Wayne Manufacturing Corp. (collectively, the "Hopeman Interests") filed a motion to bifurcate. Rec. Doc. 562. Defendants contended the Court should bifurcate the upcoming trial so the

1

jury can first hear evidence and decide causation, prior to hearing evidence on liability and damages. That way, if the jury finds that Mr. Becnel's lung cancer was instead attributable to his 60-pack-year smoking history and not asbestos exposure, the Court nor the jury will have to spend days digesting the parties' complex evidence. On May 31, 2022, plaintiffs, Volkswagen Group of America, Inc., and Honeywell International, Inc. filed oppositions to Hopeman Interests' motion. Rec. Docs. 648, 652, 653.

## II. LAW AND ANALYSIS

### A. Motion to Bifurcate

Bifurcation is a procedural device used to split a trial into distinct and separate claims. As explained in Rule 42(b) of the Federal Rules of Civil Procedure: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The decision whether to bifurcate a trial is "within the sole discretion" of the district court. *First Tex. Savs. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992). The motion should not be granted lightly. "There is an important limitation on ordering a separate trial of issues under Rule 42(b): the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (quoting *Swofford v. B & W, Inc.*, 336

2

F.2d 406, 415 (5th Cir. 1964)). "The party moving for bifurcation has the burden to demonstrate that judicial economy would be promoted and that the non-moving party will not suffer prejudice." *Wesco Ins. Co. v. Tauler Smith LLP*, 2020 WL 4369496, at *1 (C.D. Cal. Mar. 10, 2020). *See also Meador v. Starr Indem. & Liab. Ins. Co.*, 2020 WL 1332952, at *3-4 (E.D. La. Mar. 23, 2020) (denying motion to bifurcate when movant failed to carry its burden of proving "an exceptional case warranting bifurcation"); *Colo. Prop. Investors, Inc. v. HCNO Servs., Inc.*, 1998 WL 892669, at *1 (E.D. La. Dec. 18, 1998) (denying motion to bifurcate because movant did not carry its burden).

   i. <u>Bifurcation Would Not Promote Rule 42(b)'s Goal of Avoiding Prejudice.</u>

Bifurcation, which is used in complex trials to avoid jury confusion, is not warranted here. Bifurcation would unduly prejudice the parties who will face significant delay in resolving the entirety of their dispute. Moreover, several parties will incur increased costs by having to prepare for two trials. "This Court fully embraces the time-honored premise that 'an unreasonable delay in a case's resolution amounts to prejudice to the one opposing separation. Such delay is clearly not in the public interest.'" *Guedry v. Marino*, 164 F.R.D. 181, 186 (E.D. La. 1995) (quoting *Laitram v. Hewlett-Packard Co.*, 791 F. Supp. 113, 116 (E.D. La. 1992)).

    ii.    <u>Bifurcation Would Not Advance Rule 42(b)'s Goals of Convenience and Economy.</u>

The factual issues to be resolved in connection with the underlying medical cause of Mr. Becnel's disease overlaps with the issues to be resolved in connection with determining liability and damages. For example, at both trials, evidence will be presented concerning:(1) the amount of asbestos exposure sustained by James Becnel; (2) the amount of asbestos exposure necessary to cause or contribute to lung cancer; and (3) the amount of asbestos released from various defendants' products. Clearly, there will be an overlap in the proof that could potentially create unnecessary duplication of evidence. Moreover, witnesses will be inconvenienced by having to travel and take part in two separate trials. In this way, inconvenience and increased costs to the parties, as opposed to judicial economy, are just as likely to result from bifurcation. Since bifurcation would not advance the Rule 42(b) goals of increasing convenience, avoiding prejudice, or expediting or economizing the litigation, it is not the kind of "exceptional case" that warrants bifurcation. *Meador v. Starr Indem. & Liab. Ins. Co.*, No. CV 19-2378, 2020 WL 1332952, at *3-4 (E.D. La. Mar. 23, 2020).

New Orleans, Louisiana this 5th day of July, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE

4