```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**JAMES BECNEL ET AL**                                        **CIVIL ACTION**

**VERSUS**                                                    **NO. 19-14536**

**LAMORAK INSURANCE COMPANY ET AL**                           **SECTION "B"(5)**

<u>**ORDER AND REASONS**</u>

Before the Court are defendant Morse TEC LLC's motion for summary judgment (Rec. Doc. 372), plaintiffs' opposition to defendants' motion (Rec. Doc. 534), defendant's reply in support of its motion (Rec. Doc. 637), and plaintiffs' memorandum in response (Rec. Doc. 647). After careful consideration,

**IT IS ORDERED** that defendant's motion for summary judgment (Rec. Doc. 372) is **DENIED;** and

**IT IS FURTHER ORDERED** that defendant's request for oral argument (Rec. Doc. 388) is **DENIED as unnecessary.**

I.    <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

This case arises from alleged exposure to asbestos and asbestos-containing products on the premises of Avondale Shipyards in 1965. *See* Rec. Doc. 1. The plaintiff, James Becnel, was employed in various positions by or on the premises of Avondale Shipyards in 1965. Rec. Doc. 1-2 (Plaintiff's Petition). It was during this time that Plaintiff claims he was exposed to both asbestos and asbestos-containing products. *Id.* Not only does the plaintiff claim to have been exposed to asbestos, but Mr. Becnel also asserts

that he carried asbestos home on his person, clothing, and other items. *Id.* Because of this alleged constant exposure, Mr. Becnel claims he contracted asbestos-related cancer and/or lung cancer, although the disease did not manifest itself until 2019. *Id.*

On July 22, 2019, Plaintiff filed suit in the Civil District Court for the Parish of Orleans against several defendants, including, but not limited to, Morse TEC LLC f/k/a BorgWarner Morse TEC LLC, as successor-by-merger to BorgWarner Corporation ("Morse TEC"). *Id.* In his Complaint, plaintiff asserted several negligence claims against all named defendants. Rec. Doc. 1-2. Against Defendant Morse TEC, Plaintiff claimed it was liable for product liability. *Id.*

On August 14, 2019, Mr. Becnel filed a First Supplemental and Amending Petition for Damages to add a defendant. *See* Rec. Doc. 1-3. On November 13, 2019, Mr. Becnel died from his asbestos-related lung cancer, complications therefrom, and/or complications from treatment therefrom. *See* Rec. Doc. 1-4. At his death, Mr. Becnel was survived by his wife, Jacqueline Becnel, and his children, Sheila Becnel Eschete and James Becnel, Jr. *Id.*

On November 19, 2019, Mr. Becnel's heirs ("Plaintiffs") filed a Second Supplemental and Amending Petition for Damages substituting themselves as party plaintiffs. *Id.* In their petition, Plaintiffs asserted both survival and wrongful death claims, pleading that Mr. Becnel's asbestos-related lung cancer

caused and/or contributed to his death. *Id.* Additionally, the plaintiffs asserted new strict liability claims against all named defendants. *Id.*

On April 26, 2022, defendant Morse TEC filed a motion for summary judgment based on contributory negligence. Rec. Doc. 372. Defendant argues that plaintiffs' claims and those of Huntington Ingalls Incorporated ("Avondale") must be dismissed because the decedent's cigarette smoking was a contributing cause of his lung cancer. *Id.* Thus, defendant contends plaintiffs are barred from recovering under the applicable pre-1980 contributory negligence principles. *Id.* Morse TEC's motion was joined and adopted by American Insurance Company, Bayer CropScience, Inc., BMW of North America, LLC, Certain Underwriters at Lloyd's, London and London Market Companies, Eagle, Inc., Ford Motor Company, Foster Wheeler LLC, General Electric Company, ViacomCBS Inc., Gulf Engineering Company, LLC, Honeywell International Inc., Hopeman Brothers, Inc., and Liberty Mutual Insurance Company, Avondale, International Paper Company , Louisiana Insurance Guaranty Association, as the alleged statutory obligor for policies issued by Lamorak Insurance Company to The McCarty Corporation, National Automotive Parts Association, LLC, Genuine Parts Company, and Pope's Parts, Inc., Pneumo Abex, LLC, Uniroyal Holding, Inc., and Volkswagen Group of America, Incorporated. *See* Rec. Docs. 372, 488, 462, 425, 451, 473, 438, 459, 480, 424, 482, 492, 463, 474, 440, 487, 471, 426.

On May 17, 2022, plaintiffs filed a timely opposition. Rec. Doc. 534. Morse TEC filed a reply to plaintiffs' opposition on May 26, 2022. Rec. Doc. 637. Subsequently, plaintiffs submitted a memorandum in response to the defendant's reply on May 31, 2022. Rec. Doc. 647.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial,

the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

**B. Whether Defendants are Entitled to Summary Judgment Based on the Contributory Negligence Defense**

Morse TEC and the joining defendants assert that summary judgment is appropriate because their defense of contributory negligence acts as a complete bar to plaintiffs' recovery. Rec. Doc. 372. The defendants' motion rests entirely on its allegation that the decedent's cigarette smoking was a contributing cause of his lung cancer. *See Id.* In response, plaintiffs' request we deny the motion on the grounds that: (1) the doctrine of contributory negligence does not apply to their claims; and (2) the defendants failed to carry their burden of proof. Rec. Doc. 534. At the outset, we must acknowledge that plaintiffs have alleged several causes action under both the wrongful death and survival action statutes. *See* Rec. Docs. 1-2 (Petition for Damages), 1-3 (First

Supplemental and Amending Petition), 1-4 (Second supplemental and Amending Petition), 159 (Third Supplemental and Amending Petition); Rec. Doc. 534. Morse TEC did not differentiate between the actions in its motion, but simply proffered the same argument in support of dismissing *all* plaintiffs' claims against it. *See* Rec. Doc. 372. Nevertheless, because these actions are dissimilar and arise at different times, we must evaluate the strength and applicability of the proffered defense to each action in turn.

> i. **The doctrine of contributory negligence does not apply to plaintiffs' wrongful death claims**

Act 431 of 1979, which became effective on August 1, 1980, amended and reenacted Louisiana Civil Code articles 2103, 2323, and 2324 to usher in a comparative fault system. *Landry v. Avondale Indus., Inc.*, 2003-3432 (La. 7/2/04), 877 So. 2d 970, 975. This act eliminated the doctrine of contributory negligence and provided the framework for a comprehensive scheme of loss apportionment in multi-party litigation. *Keith v. U.S. Fidelity & Guar. Co.*, 96-2075 (La.5/9/97), 694 So.2d 180, 183. "As enacted, Act 431 contains a clear expression of legislative intent regarding its application. Section 4 of the Act states: 'The provisions of this act shall not apply to claims arising from events that occurred prior to the time this act becomes effective.' Section 7 provides: 'The provisions of this Act shall become effective on August 1, 1980.'" *Landry*, 877 So. 2d at 975.

In the landmark case of *Landry v. Avondale*, the Louisiana Supreme court was confronted with the very issue presently before this Court, *i.e.*, whether the provisions of comparative fault law (Act 431 of 1979) applied to the plaintiff's wrongful death claim. 2003-3432 (La. 7/2/04), 877 So. 2d 970. The plaintiff Raleigh Landry worked for Avondale Industries from 1965 to 1967 and for McDermott, Inc., from 1959 to 1961, 1964 to 1965, and 1973 to 1974. *Id.* at 972. While employed, Landry was allegedly exposed to asbestos which resulted in his contraction of mesothelioma. *Id.* In 2002, Landry and his wife brought suit against several defendants, claiming they were liable for his asbestos exposure. *Id.* Unfortunately, Landry died before his claims could be tried. *Id.* As a result, his children and wife were substituted for his survival damages and asserted new wrongful death claims against all named defendants. *Landry*, 877 So. 2d at 972.

Thereafter, two defendants filed motions for summary judgment, arguing the Louisiana Comparative Fault Law applied to the plaintiffs' wrongful death claims. *Id.* The district court agreed with the defendants and granted summary judgment in their favor. *Id.* at 972-73. The Louisiana Fourth Circuit Court of Appeal reversed the district court's ruling, concluding that the plaintiffs' wrongful death claim was not subject to the law of comparative fault. *Id.* The state Supreme Court granted, and consolidated writs filed on behalf of the defendants. *Id.* at 974.

The Court began its analysis by elaborating on Act 431. *Landry*, 877 So. 2d at 975 (stating that Act 431 ushered in a comparative fault system and abolished the doctrine of contributory negligence). Next, the bench distinguished the present matter from two other cases, *Cole v. Celotex Corp.*, 599 So. 2d 1058 (La. 1992) and *Walls v. Am. Optical Corp.*, 98-0455 (La. 9/8/99), 740 So. 2d 1262. *Id.* at 975-80. According to the Supreme Court, neither *Cole* nor *Walls* resolved the precise issue presented,[1] but they provided a framework for determining the legislative intent behind Act 431. *Id.* Looking to *Walls*, the Court articulated that Louisiana's wrongful death statute is clear: the relevant injuries do not occur until death, and they are not the primary victim's injuries. *Id.* Thus, the bench reasoned that the key relevant "event" under Act 431 for purposes of applying the comparative fault law to a wrongful death claim is the death itself. *Id.* Applying that framework to the case at bar, the Court determined that because Mr. Landry died in 2002, long after the effective date of Act 431, his claim is subject to the doctrine comparative fault. *Landry*, 877 So. 2d at 980.

---

[1] *Cole* established the exposure theory for determining the applicable law within the context of the direct tort action and survival action. However, *Cole* did not address wrongful death claims. The *Walls* Court, on the other hand, dealt with a wrongful death cause of action but admittedly did not address the unique language in Act 431 and concerned itself solely with the date of accrual of the cause of action.

Likewise, in *Savoie v. Huntington Ingalls, Inc.*, the Fifth Circuit noted that "[Wrongful death] claims [based on asbestos exposure] are governed by the [state] law in effect at the time the decedent passes away," but "survival claims based on asbestos exposure are governed by the [state] law in effect when the exposure occurred." 817 F.3d 457 (5th Cir. 2016), *overruled by Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020) (citing *Rando v. Anco Insulations, Inc.*, 16 So.3d 1065, 1072 (La. 2009); *Landry v. Avondale Indus., Inc.*, 877 So.2d 970, 972 (La. 2004)); *Cortez v. Lamorak Ins. Co.*, No. CV 20-2389, 2022 WL 1001445, *4 (E.D. La. Apr. 4, 2022).

Like the decedent in *Landry*, Mr. Becnel died long after the effective date of Act 431. It is undisputed that he died on November 13, 2019. Thus, the plaintiffs' wrongful death cause of action did not arise until that date. Considering the Act's prospective application, we conclude that plaintiffs' claims are subject to the law of comparative fault and not contributory negligence. Accordingly, Morse TEC and the joining defendants' asserted defense of contributory negligence is inapplicable, and their motion is denied as to this issue.

### ii. The doctrine of contributory negligence is applicable to plaintiffs' survival action claims

A survival action allows survivors to bring the claims the decedent could have asserted were he still alive, and survival

claims based on asbestos exposure are governed by the law in effect when the injury producing exposure occurred. *See, e.g.*, *Rando v. Anco Insulations Inc.*, 16 So.3d 1065, 1072 (La.2009) (explaining that "law effective on the date of [] significant exposure to asbestos" applies to claim alleging occupational asbestos exposure).

Here, the decedent's asbestos exposure attributable to the defendants occurred both prior to Act 431's effective date of August 1, 1980, and after that date. *See* 1-2 at p. (Petition for Damages, at paragraph 15) (alleging that Mr. Becnel worked as a mechanic from approximately 1959 through 2009 and was exposed to various defendants' asbestos containing products). For example, plaintiffs allege the decedent worked with Morse TEC asbestos containing products beginning as early as the 1960s. *See* Rec. Doc. 372-2 (Perpetuation Deposition of James P. Becnel, at pp. 72-73). However, an issue arises here given plaintiffs have alleged asbestos exposure over several decades, with some exposures falling in the pre-Act 431 era, *i.e.*, doctrine of contributory negligence, and some falling outside that realm, *i.e.*, comparative fault regime.

Accordingly, in as far as plaintiffs have alleged injury producing exposures occurring prior to August 1, 1980 (Act 431's effective date), those claims are subject to the doctrine of contributory negligence. *See Rando*, 16 So.3d at 1072; *see also Cole*

*v. Celotex Corp.*, 599 So. 2d 1058, 1066 (La. 1992) (finding that substantial injury producing exposures giving rise to plaintiffs' claims occurred before the August 1, 1980, effective date of Act 431; and thus, the provisions of the Louisiana Comparative Fault Law could not be applied to plaintiffs' claims because the case was governed by the pre-Act law of contributory negligence.). By contrast, the doctrine of comparative fault applies to plaintiffs' survival action claims centered around significant asbestos exposures occurring after August 1, 1980. *See Rando*, 16 So.3d at 1072.

Having determined that at least some of plaintiffs' allegations relative to the defendants are subject to the pre-Act law of contributory negligence, we must now turn to the specific claims alleged. Essentially, plaintiffs assert product liability and strict liability claims against the individual defendants. We will evaluate each in turn.

    a. <u>Defendants proffered defense is inapplicable to plaintiffs' product liability claims.</u>

The Fifth Circuit has repeatedly held that contributory negligence is not a defense to product liability claims under Louisiana law. *See Bell v. Jet Wheel Blast, Div. of Ervin Indus.*, 755 F.2d 1146, 1148 (5th Cir. 1985) (referencing the Louisiana Supreme Court's response to a certified question posed by the Circuit in which the Supreme Court responded by holding the

doctrine of contributory negligence is never applicable in a strict product liability case.). *See also LeBouef v. Goodyear Tire & Rubber Co.*, 623 F.2d 985, 991 (5th Cir. 1980); *Rodrigue v. Dixilyn Corp.*, 620 F.2d 537 (5th Cir. 1980). Thus, defendants' contributory negligence defense is inapplicable, and plaintiffs' claims stand.

   b. <u>The defense of contributory negligence is applicable to plaintiffs' strict liability claims.</u>

"Strict liability was abolished in Louisiana in 1996." *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457 (5th Cir. 2016), *overruled by Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020) (quoting *Small v. Baloise Ins. Co. of Am.*, 753 So.2d 234, 240 (La.App. 4 Cir.1998) ("'By requiring knowledge or constructive knowledge under Article 2317.1, the Legislature effectively eliminated strict liability under Article 2317, turning it into a negligence claim. This substantive change should not apply retroactively….'"). However, in cases involving long-latency occupational diseases such as asbestos, courts must apply the law in effect at the time of the exposure. *Watts v. Georgia-Pac. Corp.*, 2012-0620 (La. App. 1 Cir. 9/16/13), 135 So. 3d 53, 59, *writ denied*, 2013-2442 (La. 1/27/14), 131 So. 3d 59, and *writ denied*, 2013-2444 (La. 1/27/14), 131 So. 3d 59 (citing *Cole v. Celotex Corp.*, 599 So.2d 1058, 1066 (La. 1992)). Here, although plaintiffs allege the decedent was exposed to asbestos between

1959 and 2009, the only period applicable to their strict liability claims is 1959 through 1996.[2]

Plaintiffs argue the doctrine of contributory negligence is not a defense to their strict liability claims; and thus, Morse TEC's motion must be denied. In support, plaintiffs cite a 1980 Fifth Circuit decision, *Rodrigue v. Dixilyn Corp.*, 620 F.2d 537 (5th Cir. 1980). In *Rodrigue*, the bench reversed the ruling of a district court that held the doctrine of contributory negligence was a defense to strict liability claims. 620 F.2d at 544. The Court reasoned that such a ruling was inconsistent with the law clearly pronounced by the Louisiana Supreme Court in *Langlois v. Allied Chemical Corp., Inc.*, 258 La. 1067, 249 So.2d 133 (1971). *Id.* Further, the Circuit noted that "a defendant is not exculpated by the plaintiff victim's contributory negligence from the defendant's similar strict liability for harm caused by product defect." *Id.* at 543 (citing *Khoder v. Amf, Inc.*, 539 F.2d 1078 (5th Cir. 1976).

However, in later decisions, the Fifth Circuit recognized that a contributory negligence defense can be advanced in strict liability actions. *See CNG Producing Co. v. Columbia Gulf Transmission Corp.*, 709 F.2d 959, 962-63 (5th Cir. 1983) ("Although there have been contrary indications in both Louisiana and Federal

---

[2] The doctrine of strict liability was abolished in 1996 and revised into a negligence claim. *See* La. Civ. Code art. 2317.1.

decisions, our view of Louisiana law is now that contributory negligence can be advanced in strict liability actions under articles 2317 and 2322."); *Hyde v. Chevron U.S.A., Inc.*, 697 F.2d 614 (5th Cir.1983). In *CNG Producing Co.*, the Fifth Circuit was faced with reviewing a district court's decision to not submit a jury instruction on strict liability under article 2317. 709 F.2d at 962. The plaintiffs in that case argued that the district court erred in not giving such an instruction, but the Fifth Circuit found that it need not even reach that issue. *Id.* The bench reached that determination because the jury found the plaintiffs contributory negligent. *Id.* Citing *Dorry v. Lafleur*, 399 So.2d 559 (La.1981), the Court noted that just because a cause of action is for strict liability, it does not automatically preclude the defense of contributory negligence. *Id.* Instead, the use of such a defense should be determined on a case-by-case basis. *Id.*

Morse TEC has pled the defense of contributory negligence in this case. Additionally, given the Circuit's analysis in *CNG Producing Co.*, such a defense may be pled in response to strict liability claims. Thus, the defendant carries the burden of proving the decedent's contributory negligence by a preponderance of the evidence. *Barnes v. Quinlan*, 01-3770, 2002 WL 31375606, (E.D. La. Oct. 22, 2002) ("Under Louisiana law, the defendant bears the burden of proving contributory negligence/comparative fault by a preponderance of the evidence.").

### iii. **Defendants Have Not Satisfied Their Burden of Proof**

Contributory negligence or comparative fault is an affirmative defense which must be specifically pled by the defendant. *McCarthy v. Entergy Gulf States, Inc.*, 2011-600 (La. App. 3 Cir. 12/7/11), 82 So. 3d 336, 351, *writ denied sub nom. McCarthy v. Energy Gulf States, Inc.*, 2012-0072 (La. 3/9/12), 84 So. 3d 553. Thus, the defendant bears the burden of proving by a preponderance of the evidence that the plaintiffs' contributory negligence was a cause-in-fact of his injury. *See id.* at 351; *Hano v. Louisiana Dep't of Transp. & Dev.*, 519 So. 2d 796, 798 (La. Ct. App. 1987), *writ denied*, 523 So. 2d 861 (La. 1988) ("a defendant who relies on contributory negligence as a defense bears the burden of proving plaintiff's negligence and that such negligence was a contributory cause."); *Barnes v. Quinlan*, 01-3770, 2002 WL 31375606, (E.D. La. Oct. 22, 2002).

Defendants in the present case have failed to provide sufficient summary judgment evidence that the decedent's smoking was a contributing cause of his primary lung cancer. The only evidentiary support defendants cite is the decedent's deposition testimony and plaintiffs' expert report of Dr. Stephen Kraus. Rec. Doc. 372-3 (Discovery Deposition of James P. Becnel); Rec. Doc. 372-4 (Expert Report of Dr. Stephen Kraus). Neither of which provides adequate support of causation. Regarding Mr. Becnel's testimony, defendants rely on the decedent's acknowledgment that

he saw warnings about the dangers of smoking cigarettes but continued to smoke. Rec. Doc. 372-3 (Discovery Deposition of James P. Becnel at pp. 182-83, 188, 181, 172). Defendants also point to Dr. Kraus' expert report in which he stated, "asbestos workers who stopped cigarette smoking decreased their lung cancer risk." Rec. Doc. 372-4 (Expert Report of Dr. Stephen Kraus).

This evidence falls short of what is required to satisfy their burden of proof on summary judgment. At best, the support provided merely demonstrates that the decedent was aware of the dangers associated with smoking and continued to smoke anyway. However, that fact does not equate to causation, especially regarding Mr. Becnel's primary lung cancer. Just because the decedent smoked cigarettes, it does not then allow this Court to assume for the defendants' benefit that the decedent's smoking was a cause-in-fact of his lung cancer. Rather, it was for the defendants to present sufficient evidence of causation, which they did not.

Even assuming *arguendo* Morse TEC's proffered evidence satisfied its burden of proof on this defense, plaintiffs have noted a genuine issue of material fact regarding causation. As discussed *supra*, defendants refer to language from Dr. Kraus' expert report to support their contention that the decedent's smoking was a contributing cause of his lung cancer. Plaintiffs, however, also cited to the deposition testimony of the very same expert in which he testified that Mr. Becnel's smoking was not a

contributing cause of his disease. Rec. Doc. 647-1 at p. 36 (Deposition testimony of Dr. Stephen Terry Kraus). Instead, "[t]he contributing cause [of] his lung cancer was his asbestos exposure…." *Id.* Because defendants have pointed to no evidence, expert testimony or otherwise, to demonstrate they are entitled to a ruling as a matter of law, their defense fails. Accordingly, defendants' motion for summary judgment is denied.

New Orleans, Louisiana this 3rd day of August, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE