UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JAMES BECNEL ET AL                          CIVIL ACTION

VERSUS                                      NO. 19-14536

LAMORAK INSURANCE COMPANY ET AL             SECTION "B"(5

ORDER AND REASONS

Before the Court is third-party defendant Liberty Mutual Insurance Company, as the alleged insurer of Wayne Manufacturing Corp., and its motion for partial summary judgment (Rec. Doc. 367). Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed **and** served no later than eight (8) days prior to the submission date. Third-party plaintiff, Huntington Ingalls, Inc. ("Avondale"), did not submit a memorandum in opposition. The instant motion was set for hearing on May 25, 2022. Plaintiffs filed a timely opposition to this motion.[1] Because the motion appears to have merit,

**IT IS ORDERED** that the motion (Rec. Doc. 367) is **GRANTED.**

I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

---

[1] Rec. Doc. 541.

1

The factual scenario has been laid out in greater detail in previously issued Orders and Reasons and are adopted by reference herein. *See* Rec. Docs. 1038, 913.

On April 26, 2022, Liberty Mutual filed the instant motion for partial summary judgment. Rec. Doc. 367. Defendant presents that Avondale's claims for strict liability should be dismissed as a matter of law. *Id.* Plaintiffs filed a timely opposition on May 17, 2022. Rec. Doc. 541. Defendant filed a reply in support of its motion on May 26, 2022. Rec. Doc. 623.

## II. <u>LAW AND ANALYSIS</u>

### A. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). As such, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

**B. Liberty Mutual's Motion is Deemed Unopposed**

The controversy at issue in the instant motion is only between Avondale, as third-party plaintiff, and Liberty Mutual, as third-party defendant. Plaintiffs have not filed claims against Liberty Mutual or their alleged insured, Wayne. Furthermore, plaintiffs have not formally adopted Avondale's allegations against Wayne and Liberty Mutual. Nevertheless, plaintiffs filed an opposition urging denial of Liberty Mutual's motion. *See* Rec. Doc. 541.

The Fifth Circuit has not addressed this issue squarely, however, its precedent on issues of standing is instructive. *See*

*Scottsdale Ins. Co. v. Knox Park Const., Inc.*, 488 F.3d 680, 684 (5th Cir. 2007). In a declaratory judgment action regarding the issue of indemnification, the Fifth Circuit ruled that a defendant did not have standing to appeal a co-defendant's favorable summary judgment win, when the two parties were not adverse. *Id.* Importantly, the Court ruled that one party cannot champion another party's claim against a non-adverse party and that an "indirect financial stake" in the outcome does not confer standing. *Id.; see also Audler v. CBC Innovis Inc.*, 519 F.3d 239, 248 (5th Cir. 2008).

Here, Liberty Mutual is not an adverse party to plaintiffs; thus, plaintiffs have no standing to challenge the instant motion. *Dorvin v. 3901 Ridgelake Drive, LLC*, No. CIV.A. 11-00696, 2012 WL 1057599 (E.D. La. Mar. 28, 2012) ("[s]ince the third-party defendants are not adverse parties to Plaintiffs, they have no standing to challenge Plaintiffs' Motion for Partial Summary Judgment…."). Because the proper adverse party, Avondale, failed to file an opposition to Liberty Mutual's motion, it is deemed unopposed.

Nevertheless, just because this motion is unopposed, it does not give this Court the authority to merely grant it as unopposed. *See HomeLife in the Gardens, LLC v. Landry*, 2018 WL 341703, at *2 (E.D. La. Jan. 9, 2018) (stating unopposed motions for summary judgment cannot be granted merely because there is no opposition). Rather, summary judgment may only be granted "if the undisputed

facts show that the movant is entitled to judgment as a matter of law." *Id.* (quoting *Day v. Wells Fargo Bank N.A.*, 768 F.3d 435 (5th Cir. 2014) (per curiam)). Accordingly, we will evaluate the merits of Liberty Mutual's motion.

### C. Professional Vendor Strict Liability

Liberty Mutual argues that Wayne cannot be held liable under professional vendor strict liability given that cause of action wasn't available at the time of Mr. Becnel's alleged exposure. Rec. Doc. 367. According to defendant, Mr. Becnel's alleged exposure attributable to Wayne occurred between March 12, 1965 and November 1, 1965 when the decedent worked at Avondale Shipyards. *Id.* Defendant contends that because professional vendor strict liability was not established until 1967, the cause of action is not applicable in this case. *Id.* Even assuming the claim is available, Liberty Mutual asserts that Avondale cannot satisfy its evidentiary burden. *Id.*

### i. Availability of Avondale's Claim Against Liberty Mutual

The Louisiana Supreme Court adopted the "professional vendor" theory of liability in *Chappuis v. Sears Roebuck & Co.*, 358 So. 2d 926 (La. 1978). However, the Court did not explicitly state the decision should only be applied prospectively. In the absence of such a specification, we find the theory of liability established in *Chappuis* must be given both retrospective and prospective application. *Succession of Clivens*, 426 So.2d 585, 587, 594

(La.1983) (on original hearing and rehearing) (declaring the general rule that unless a judicial decision specifies otherwise, it is to be given both retrospective and prospective effect.); *Charles v. United States,* 15 F.3d 400, 402 n. 4 (5th Cir.1994) ("'Generally, [under Louisiana law] unless a decision specifies otherwise, it is given both retrospective and prospective effect.'"); *Gill v. Jacobs Eng'g Grp., Inc.*, No. CIV.A. 08-647-BAJ, 2011 WL 3796751, *2 (M.D. La. Aug. 26, 2011). This application of "professional vendor" strict liability also coincides with several sections of this Court which have found such claims for "professional vendor" liability to be applicable to a plaintiff's 1960's asbestos exposure. *See Cortez v. Lamorak Ins. Co.*, No. CV 20-2389, 2022 WL 2988061 (E.D. La. July 28, 2022) (applying the professional vendor standard of liability to plaintiffs' claims against a defendant who allegedly exposed the decedent to asbestos between 1966 and 1968); *Labarre v. Bienville Auto Parts Inc.*, No. CV 21-89, 2022 WL 293250 (E.D. La. Feb. 1, 2022) (applying the professional vendor standard of liability to plaintiffs' claims against a defendant who allegedly exposed the decedent to asbestos between 1961 and 2007). Accordingly, we will review Avondale's "professional vendor" strict liability claim in similar fashion.

    ii. <u>Liberty Mutual is Entitled to Summary Judgment on this Claim</u>

As shown below, a "professional vendor" can be held strictly liable for the same conduct as a manufacturer. *Labarre v. Bienville Auto Parts Inc.,* No. CV 21-89, 2022 WL 293250, *5 (E.D. La. Feb. 1, 2022)*. "A professional vendor 'is a retailer who does more than simply sell a certain product or products; it must engage in practices whereby it is capable of controlling the quality of the product, such that courts are justified in treating the retailer like a manufacturer.'" *Roy v. Colgate Palmolive Co.*, 2021 WL 1574038, at *3 (E.D. La. Apr. 22, 2021) (quoting *Nelton v. Astro-Lounger Mfg. Co.*, 542 So. 2d 128, 132 (La. App. 1989), and discussing the leading case of *Chappuis v. Sears Roebuck & Co.*, 358 So. 2d 926 (La. 1978)). To prevail against a professional vendor of asbestos-containing products, a plaintiff must show: "(1) the defendant held the products out to the public as its own, and (2) the size, volume, and merchandising practices of the defendant bring it within the class of professional vendors, who are presumed to know the defects in their wares." *Dempster v. Lamorak Ins. Co.*, 2020 WL 5659546, at *3 (E.D. La. Sept. 21, 2020); *Chappuis v. Sears Roebuck & Co.*, 358 So. 2d 926 (La. 1978).

Liberty Mutual contends Wayne cannot be held liable for professional vendor liability because it was not a vendor. Rec. Doc. 367. Instead, defendant argues that Wayne merely glued wallboard materials to a Marinite core for Avondale's joiner subcontractor, Hopeman. *Id.* Defendant further asserts that Wayne

never held the finished product out as its own, and it did not partake in merchandising practices. *Id.* Without any material evidence to contradict defendant's contentions, summary disposition is appropriate. *See Mack Fin. Servs. v. Ackel*, No. CV 20-2814, 2021 WL 6125581 (E.D. La. Sept. 27, 2021) (citing *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1345 (5th Cir. 1991) ("in the absence of an opposition to summary judgment, the court may deem the movant's statement of facts as undisputed.")). Furthermore, "the court has no obligation to sift through the record in search of evidence to support the nonmovant's opposition to the motion for summary judgment." *Morgan v. Federal Exp. Corp.*, 114 F. Supp.3d 434, 437 (5th Cir. 2015) (internal quotes omitted). Accordingly, this claim is dismissed.

### D. Avondale's Commercial Supplier Strict Liability Claim Against Liberty Mutual

Liberty Mutual contends this claim must be dismissed given it is not cognizable under Louisiana law. Rec. Doc. 367. We agree.

After reviewing Louisiana caselaw, we found a reference to the "commercial supplier" theory of liability. *Guidry v. Frank Guidry Oil Co.*, 579 So. 2d 947 (La. 1991), *overruled by Gauthier v. O'Brien*, 618 So. 2d 825 (La. 1993).

In *Guidry v. Frank Guidry Oil Co.*, the Louisiana Supreme Court stated, in pertinent part, "a commercial supplier who sells a product in a defective and unreasonably dangerous condition is

8

strictly liable for harm caused by the defect, even if the supplier was not negligent." 579 So. 2d at 951. However, after further review, the *Guidry* court was not creating a new theory of liability; but instead, applying strict product liability principles. *Id.* (citing *Bell v. Jet Wheel Blast, Div. of Ervin Ind.*, 462 So.2d 166 (La.1985) (stating that in order to recover from the defendant, "plaintiffs had to prove that: (1) the injury or damage resulted from the condition of the product; (2) the condition made the product unreasonably dangerous in normal use; and (3) the condition existed at the time the product left the control of the supplier.")).

Therefore, this Court finds the alleged theory of liability is not cognizable considering the lack of any legal support for "commercial supplier" strict liability. Upon reviewing Avondale's third-party demands, plaintiff expressly stated the third-party defendants are liable for "negligence, fault, strict liability and strict products liability." Doc. 367-3 (Avondale's Third-Party Demands). Plaintiff also alleged that Wayne was "in the business of manufacturing or facilitating the manufacturing of asbestos products and/or was a commercial supplier and/or professional vendor of asbestos containing products," and thus, it was "strictly liable and […] negligent." *Id.* at para. 13-14. Interestingly, Avondale has not opposed Liberty Mutual's motion to dismiss the "commercial supplier" strict liability claim against Wayne. As

seen by record evidence here and related motions, Hopeman provided the design, specified and supplied the materials, directed operative stages of production, conducted merchandising, delivery, and installation of the final product at issue.[2]

New Orleans, Louisiana this 16th day of August, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] See also Order & Reasons dated August 16, 2022 denying Hopeman Brothers partial summary judgment motion; and Rec. Doc. 788 denying summary judgment on alter-ego liability issues.