**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES P. BECNEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14536** |
| **LAMORAK INSURANCE CO., ET AL.** | **SECTION "B"(5)** |

**ORDER AND REASONS**

Before the Court are three essentially identical Motions for Partial Summary Judgment filed by Defendant Morse TEC LLC (hereinafter "Morse TEC") (Rec. Doc. 364), Defendant Bayer CropScience, Inc. (hereinafter "Bayer") (Rec. Doc. 377), and Defendants National Automotive Parts Association LLC, Genuine Parts Company, and Pope's Parts. Inc. (Rec. Doc. 337) (hereinafter collectively referred to as "Defendants"). Also before the Court are oppositions to all those motions (Rec. Docs. 533, 532, 538) filed by plaintiffs, and defendants' replies in support of their motions (Rec. Docs. 595, 631, 629). For the following reasons,

**IT IS ORDERED** that the motions (Rec. Docs. 364, 377, 337) are **GRANTED**; and

**IT IS FURTHER ORDERED** that Morse TEC's request for oral argument (Rec. Doc. 386) is **DENIED as unnecessary**.

I.  **FACTS AND PROCEDURAL HISTORY**

This case arises from alleged exposure to asbestos and asbestos-containing products on the premises of Avondale Shipyards in 1965. *See* Rec. Doc. 1. The plaintiff, James Becnel, was employed

1

in various positions by or on the premises of Avondale Shipyards in 1965. Rec. Doc. 1-2 (Plaintiff's Petition). It was during this time that Plaintiff claims he was exposed to both asbestos and asbestos-containing products. *Id.* Not only does the plaintiff claim to have been exposed to asbestos, but Mr. Becnel also asserts that he carried asbestos home on his person, clothing, and other items. *Id.* Because of this alleged constant exposure, Mr. Becnel claims he contracted asbestos-related cancer and/or lung cancer, although the disease did not manifest itself until 2019. *Id.*

On July 22, 2019, Plaintiff filed suit in the Civil District Court for the Parish of Orleans against several defendants, including, but not limited to, Morse TEC LLC f/k/a BorgWarner Morse TEC LLC, as successor-by-merger to BorgWarner Corporation ("Morse TEC"), Bayer CropScience, Inc. (hereinafter "Bayer"), National Automotive Parts Association LLC ("NAPA"), Genuine Parts Company ("GPC"), and Pope's Parts, Inc. *Id.* In his Complaint, plaintiff asserted several claims against the defendants, including claims for intentional tort, fraud and concealment. Rec. Doc. 1-2.

On August 14, 2019, Mr. Becnel filed a First Supplemental and Amending Petition for Damages to add a defendant. *See* Rec. Doc. 1-3. On November 13, 2019, Mr. Becnel died from his asbestos-related lung cancer, complications therefrom, and/or complications from treatment therefrom. *See* Rec. Doc. 1-4. At his death, Mr. Becnel

was survived by his wife, Jacqueline Becnel, and his children, Sheila Becnel Eschete and James Becnel, Jr. *Id.*

On November 19, 2019, Mr. Becnel's heirs ("Plaintiffs") filed a Second Supplemental and Amending Petition for Damages substituting themselves as party plaintiffs. *Id.* In their petition, Plaintiffs asserted both survival and wrongful death claims, pleading that Mr. Becnel's asbestos-related lung cancer caused and/or contributed to his death. *Id.* Additionally, the plaintiffs asserted new strict liability claims against all named defendants. *Id.*

On April 26, 2022, the defendants filed their motions for partial summary judgment. They assert plaintiffs' claims for intentional tort, fraud, and concealment are unsupported; and thus, their motions should be granted. Several defendants have also joined and adopted these various motions, including American Insurance Company, International Paper Company, Uniroyal Holding, Inc., Pneumo Abex, LLC, BMW of North America, LLC, Volkswagen Group of America, Inc., Ford Motor Company, gulf Engineering, LLC, Honeywell International, Inc., Hopeman Brothers, Inc., Navistar, Inc., and Liberty Mutual Insurance Company. Plaintiffs filed timely oppositions to all three motions. Rec. Docs. 533, 532, 538. Thereafter, all defendants filed reply memoranda in support of their respective motions. Rec. Docs. 595, 631, 629.

3

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co.,*

4

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

### B. Intentional Tort Liability

Initially, plaintiffs contend that this Court should deny defendants' motions for partial summary judgment because such a motion is not appropriate on the issue of intent. *See* Rec. Docs. 532, 533, 538. In support, plaintiffs cite several cases which state "summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice…." *Id.* According to plaintiffs, defendants' sole basis for summary judgment on their intentional tort claims is that plaintiffs cannot provide evidentiary support for the intent element. *Id.*

Although plaintiffs are correct that summary judgment is disfavored when issues of intent or state of mind are involved, plaintiffs fail to consider that this is a general rule. The rule does not preclude this Court from evaluating the merits of such a motion or granting summary judgment where elusive concepts such as motive or intent are at issue. *See Dempster v. Lamorak Ins. Co.*, No. CV 20-95, 2020 WL 1984327, *9 (E.D. La. Apr. 27, 2020) (citing *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257,

5

1266 (5th Cir. 1991) ("This is not to say that the court can never enter summary judgment when intent or state of mind is at issue, only that the court must recognize that undermining the moving party's professed state of mind is not a simple task.")) But, the Fifth Circuit has cautioned that "the court must be vigilant to draw *every* reasonable inference from the evidence in the record in a light most flattering to the nonmoving party." *Dempster*, 2020 WL 1984327 at *9. Summary judgment may still be appropriate if the non-moving party merely rests on conclusory allegations or unsupported speculation. *Id.*

To prove an intentional tort, plaintiffs must show that each individual defendant either consciously desired that the decedent contract primary lung cancer or knew that the result was substantially certain to follow from its conduct. *Zimko v. Am. Cyanamid*, 905 So. 2d 465, 475 (La. App. 4 Cir. 2005), *cert. denied*, 925 So. 2d 538 (2006). "Substantial certainty requires more than a reasonable probability that an injury will occur," and plaintiff must prove that his contracting lung cancer was "inevitable or incapable of failing." *Cortez v. Lamorak Ins. Co.*, No. CV 20-2389, 2022 WL 1001445, *11 (E.D. La. Apr. 4, 2022); *Reeves v. Structural Pres. Sys.*, 731 So. 2d 208, 213 (La. 1999). The "belie[f] that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of intentional tort, but instead falls within the range of negligent

6

acts ..." *Reeves*, 731 So. 2d at 214; *Dempster*, 2020 WL 1984327 at *10 (quoting *Reeves*, 731 So. 2d at 214). To prove a claim for intentional tort, Plaintiffs would have to show that the defendants' "conduct [went] beyond knowingly permitting a hazardous work condition to exist, ordering an employee to perform an extremely dangerous job, or willfully failing to furnish a safe place to work ..." *Zimko*, 905 So. 2d at 477.

In *Vedros v. Northrop Grumman Shipbuilding, Inc.*, Judge Carl Barbier dismissed a similar intentional tort claim on defendant Avondale's motion for summary judgment. No. CIV.A. 11-1198, 2014 WL 906164, *3 (E.D. La. Mar. 7, 2014). Plaintiffs in that case attempted to establish that Vedros's mesothelioma was caused by exposure to asbestos as a result of a dangerous working environment at Avondale, and to show that Avondale committed an intentional tort. *Id.* However, in response to Avondale's motion, plaintiffs only submitted evidence that defendant was aware of the asbestos risk at Avondale and that Defendants failed to remedy the unsafe working conditions despite their knowledge of the risks. *Id.* This court found that "[e]ven considering the facts in the light most favorable to Plaintiffs and assuming that Defendants were aware that there was a major risk, or even a probability, that [decedent] would contract mesothelioma," plaintiffs had not submitted evidence permitting a reasonable jury to conclude that the

7

decedent's illness was "inevitable or incapable of failing" *Id.* Thus, the Court granted summary judgment in favor of Avondale. *Id.*

Likewise, in *Cortez v. Lamorak Ins. Co*, this Court granted Avondale's motion for summary judgment in part, dismissing the plaintiff's intentional tort claims. No. CV 20-2389, 2022 WL 1001445, *12 (E.D. La. Apr. 4, 2022). The plaintiff in that case also attempted to allege Avondale was liable for an intentional tort because the plaintiff's mesothelioma was substantially certain to occur from Avondale's conduct. *Id.* On review, the court found the plaintiff's evidence lacking. *Id.* Like *Vedros*, the plaintiff in this case only generally asserted that the defendant "knew that asbestos was a health hazard," that it "caused fatal lung disease," and that it "had problems with it." *Id.* The plaintiff also pointed to Avondale's attempts to clean up the yard before inspections. *Id.* However, the Court found that such evidence was not enough to suggest Avondale intended to harm him, or that his mesothelioma was "inevitable or incapable of failing." *Cortez*, 2022 WL 1001445 at *12. Instead, the evidence only showed that the defendant knew of the dangers of asbestos and did nothing to rectify the working conditions. *Id.*

Like the plaintiff *Cortez*, the evidence plaintiffs have presented in this case fall far short of what is necessary to raise a material issue for an intentional-tort claim. Plaintiffs rely on several portions of Mr. Becnel's deposition testimony for support,

8

in which testified that he was exposed to asbestos from the various defendants' products. For example, plaintiffs cite to the decedent's testimony in which he stated that he worked around insulators while at Avondale Shipyard, and those insulators would use Eagle insulation products, Uniroyal manufactured asbestos cloth, and Bayer's 81-27 glue. *See* Rec. Doc. 532-3 (Perpetuation Deposition of James P. Becnel at pp. 35-37, 41-43, 48-50, 52).

Additionally, plaintiffs cite to their own experts' reports and declarations for support. *See* Rec. Docs. 532 at pp. 7-8, 533 at pp. 10-11, 538 at pp. 14-16. These documents are extremely repetitive and say the exact thing about each defendants' products. *Compare* Rec. Doc. 538-17 (Affidavit of Frank M. Parker, III at para. 14, and Sub-Exhibit B, Report of Frank M. Parker, III at p.1) (concluding Mr. Becnel was frequently exposed to significant concentrations of asbestos while employed at the Becnel Garage and those exposures were from products manufactured by NAPA, Ford, Rayloc, Abex, and other named defendants.), *and* Rec. Doc. 538-18 (Affidavit of Dr. Stephen T. Kraus at para. 18 and Sub-Exhibit A, Report of Dr. Stephen T. Kraus at para. 50) (concluding the decedent had significant occupational asbestos exposures and those exposures were a contributing factor to his development of lung cancer), *with* Rec. Doc. Rec. Doc. 532-6 (Affidavit of Frank M. Parker, III at paragraphs 18-19, and Sub-Exhibit B, Report of Frank M. Parker, III at pp.1-2) (concluding Mr. Becnel was frequently

9

exposed to significant concentrations of asbestos while employed at Avondale and those exposures were from asbestos released from 81-27 glue, Eagle insulation, and Uniroyal insulation.), *and* Rec. Doc. 532-7 (Affidavit of Dr. Stephen T. Kraus at paragraphs 15-16 and Sub-Exhibit A, Report of Dr. Stephen T. Kraus at paragraphs 47-48) (concluding the decedent had significant occupational asbestos exposures from Uniroyal, Eagle, and Bayer products and those exposures were a contributing factor to his development of lung cancer).

Essentially, plaintiffs assert their experts have concluded that Mr. Becnel was frequently exposed to significant concentrations of asbestos while working with or around a particular defendant's products. *See* Rec. Docs. 532 at pp. 7-8, 533 at pp. 10-11, 538 at pp. 14-16. The experts also concluded that the decedent's exposure to those certain asbestos-containing products significantly increased his risk for developing lung cancer. They also cite to the Louisiana Workers' Compensation Act, the Walsh Healey Act, and the 1943 Louisiana Sanitary Code for support that the defendants knew of the hazards of asbestos. *See* Rec. Docs. 538 at p. 16, 532 at p. 8, 533 at p. 11. Plaintiffs assert that defendants had notice of the hazards of working with asbestos given each was aware of the previously mentioned legislation. *See* Rec. Docs. 538 at p. 16, 532 at p. 8, 533 at p. 11.

Considering this evidence in the light most favorable to plaintiffs, it is still not enough for this Court to deny summary judgment. *Cortez*, 2022 WL 1001445 at *11. ("it is not sufficient for plaintiff to show that [defendant] had knowledge that its practices were dangerous and created a high probability that someone would eventually be injured.") Plaintiffs have not submitted any evidence suggesting that any defendant consciously intended to harm Mr. Becnel, or that his primary lung cancer was "inevitable or incapable of failing." Thus, even assuming the defendants were aware that the alleged asbestos from their respective products was dangerous, and they should have used precautionary measures, plaintiffs have failed to bring sufficient evidence whereby a reasonable juror could conclude that Mr. Becnel's primary lung cancer was "inevitable or incapable of failing;" and thus, substantially certain to result from defendants' conduct. For these reasons, the Court finds plaintiffs' intentional tort claims should be dismissed.

### C. Fraud/Concealment

Plaintiffs allege the defendants were "well-aware that asbestos was dangerous and what precautionary measures should [have] be[en] taken," but nevertheless "chose to remain silent." Rec. Doc. 532 at p. 15. Thus, plaintiffs' fraud theory is based on omissions, not affirmative misrepresentations.

Under Louisiana law, "[f]raud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. "Fraud may also result from silence or inaction." *Id.* The elements of a Louisiana fraud and intentional misrepresentation claim are: "(1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to the circumstance substantially influencing the victim's consent to (a cause of) the contract." *Jones v. Wells Fargo Bank, N.A.*, 626 F. App'x 500, 505 (5th Cir. 2015) (quoting *Shelton v. Standard/700 Assocs.*, 798 So. 2d 60, 64 (La. 2001)). Although fraud may result from silence or inaction, "mere silence or inaction without fraudulent intent does not constitute fraud." *Terrebonne Concrete, LLC v. CEC Enters., LLC*, 76 So. 3d 502, 509 (La. App. 1 Cir. 2011) (citing *Whitehead v. Am Coachworks, Inc.*, 837 So. 2d 678, 682 (La. App. 1 Cir. 2002)). Additionally, fraud "cannot be predicated upon mistake or negligence, no matter how gross." *Id.*

Plaintiffs have failed to satisfy their burden of proof on this claim. Specifically, they have not presented any evidence to fulfill the requisite element of fraudulent intent. As stated above, a fraud claim under Louisiana law requires proof of a

defendant's "intent to obtain an unjust advantage or to cause damage or inconvenience to another." *Shelton*, 798 So. 2d at 64. Plaintiffs have not pointed to any evidence which would allow for the reasonable inference that the defendants acted with a fraudulent state of mind. Instead, plaintiffs merely assert that the defendants "remained silent as to the unreasonably dangerous nature of [their] products which suppression of the truth was made with the intention of obtaining an unjust advantage over unsuspecting victims." Rec. Doc. 1-2 at para. 48 (Plaintiff's Petition). Such an unsupported assertion is not enough to withstand summary judgment. *Valderas v. City of Lubbock*, 937 F.3d 384 (5th Cir. 2019) (quoting *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) ("[s]ummary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence.")).

Accordingly, because plaintiffs have not produced any evidence raising a genuine issue of material fact with respect to defendants' fraudulent intent, defendants are entitled to summary judgment on plaintiffs' fraud claims. *See Cortez v. Lamorak Ins. Co.*, No. CV 20-2389, 2022 WL 2921375, *6 (E.D. La. July 25, 2022) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir. 1991) ("Summary judgment, to be sure, may be appropriate, '[e]ven in cases where elusive concepts such as motive or intent are at issue, ... if the nonmoving party rests merely

13

upon conclusory allegations, improbable inferences, and unsupported speculation.'")).

New Orleans, Louisiana this 24th day of August, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE